bill in No. 4006, and said decree should further provide that in case of a sale to satisfy such indebtedness, there should be paid out of the proceeds: First, the costs of suit; next, there should be paid to the holders of bonds not deposited under the ninety per cent. agreement, their pro rata share of said balance, based on the pro rata division of said balance among all the bonds secured by the first mortgage, said payment not to be in excess of the amount due on said bonds including interest; then there should be paid the amount due the Mechanics' American National Bank, for which the $400,000 of preferred bonds are held as security; and what remains should be paid pro rata among the bondholders who deposited their bonds with the trustee under the ninety per cent. agreement. The decree should also provide that when this is done, all of the bonds issued under the second mortgage should be surrendered and cancelled.

*Decree reversed and cause remanded with directions.*


## F. B. Merrills, Receiver, Appellee, v. James J. Rafter, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Suit by F. B. Merrills, receiver of the village of Cahokia, against James J. Rafter upon a promissory note payable to one Laperch and signed by defendant and Laperch. From a judgment for plaintiff, defendant appeals.

Defendant contended that the evidence showed a

failure of consideration, and that therefore he was not liable upon the note. The proof introduced by plaintiff showed that he was duly appointed receiver of the village of Cahokia, and that the note sued on was one of the assets of said village. Defendant testified in his own behalf that the note was without consideration and that he did not get anything from Laperch, who was at that time supervisor. On cross-examination, however, he stated that he was then an attorney for Laperch and represented him in connection with the fund in his hands during his administration of affairs as supervisor; that he signed the note at the request of Laperch and that Laperch was to give it back to him but he never did; that it was executed in a bank in East St. Louis, and at the time it was executed Laperch drew a check on himself as supervisor for the $50, but that he did not know what became of the money.

E. R. Davis, for appellant.

Frederick E. Merrills, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

## Abstract of the Decision.

1. **Bills and notes**, § 50*—*when defense of want of consideration not available.* The defense of failure of consideration is not available to one who with a supervisor signs a note payable to the supervisor in his official capacity, the latter drawing a check upon himself as supervisor for the amount of the note, and such note is in the hands of a third person, although such signer himself receives no part of the funds secured by the supervisor individually.

2. **Costs**, § 73*—*when cost of additional abstract may be taxed.* Where the abstract of record filed by appellant is so incomplete and insufficient as to make it necessary for appellee to file. an additional abstract to enable the court to consider the merits of the case, the costs of such additional abstract may be taxed against appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.